UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENDRICK FELTON SHORTS**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 10-1698**

**CAVALINO RESTAURANT, ET AL.**                     **SECTION: "C"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Kendrick Felton Shorts, filed this *pro se* complaint pursuant to no federal statute. Plaintiff filed six other similar suits in this Court on the same day. In all, this is plaintiff's fifteenth civil suit in this Court. The complaint in the above-captioned matter is currently before the Court for the preliminary screening required to ensure that a cognizable claim has been stated.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230-31 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Further, in *Iqbal*, the Supreme Court also reiterated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (citations, quotation marks, and brackets omitted). A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965); *Young v. Marriott Corp.*, Civ. A. No. 92-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); *Dandridge v. United States Department*

*of Justice*, Civ. A. No. 92-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); *Lowery v. Hauk*, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Plaintiff's complaint is a confusing, unintelligible document from which the Court can ascertain no cause of action. The Court notes this example from plaintiff's hand-written complaint:

> I' was, of, broken, or, fraction, hand, of, from, dope, blended, and, then, poisons, two, or, few, times, at, <u>Cavalino Restaurant, of,</u> 1500, South, Carrollton, Avenue, Street, Uptown, of, New Orleans, Louisiana, 70118, of, and, that's, was, late, year, 1997, and, to, late, year, 1998, of, and, would, like, whatever, you're, all, figure, I' should, have, them, of, And, know, I' havings, NOPD, and, CIA, polices, Inways, and, some, of, prisons, matters, of, beings, appeal, at, 5th Circuit, Court, of, New Orleans, Louisiana, 70130, of,. . . .[1]

Even broadly construing plaintiff's complaint,[2] the Court finds that plaintiff has failed to state a claim on which relief may be granted or even to comply with the most rudimentary pleading requirements. Plaintiff's complaint is no more than incomprehensible and naked allegations devoid of any factual enhancement. The Court will not allow plaintiff to bog down this Court's limited resources with such an illegible and incomprehensible complaint.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

[1] The Court has quoted almost the entirety of plaintiff's complaint.

[2] The court must liberally construe a *pro se* complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11th day of June, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**